UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------------X
BYRON CORDOVA, individually and on behalf of all others similarly situated,

                          Plaintiff,

-against-

BREEZY POINT INC. d/b/a CHRONE'S TAVERN, MICHAEL CHRONE, and MOHAMMED HUSSEIN,

                          Defendants.
-------------------------------------------------------------------------X

Civil Action No.

COMPLAINT

Plaintiff Byron Cordova ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants, Breezy Point Inc. d/b/a Chrone's Tavern Restaurant & Pizzeria ("Chrone's Tavern"), Michael Chrone, and Mohammed Hussein ("Hussein") (collectively, "Defendants"), respectfully alleges as follows:

## I. Nature of Action, Jurisdiction, and Venue

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq.*, the New Jersey Wage Payment Act, N.J.S.A. 34:11-4.1, *et seq.*, and the New Jersey Conscientious Employee Protection Act ("CEPA") N.J.S.A. 34:19-1 *et seq.*

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under the New Jersey Wage and Hour Law, the New Jersey Wage Payment Act, New Jersey CEPA, and the New Jersey common law pursuant to 28 U.S.C. § 1367, in that the state law claims are so closely

related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff Cordova is an individual residing in the state of New Jersey.

6. At all relevant times, Plaintiff was employed by Defendants as defined by 29 U.S.C. § 203(e), N.J.S.A. 34:11-56a1(h), N.J.S.A. 34:11-4.1(b), and N.J.S.A. 34:19-2.

7. Defendant Chrone's Tavern is a domestic corporation with its principal place of business located at 906 Mountain Avenue, Mountainside, New Jersey 07092.

8. Chrone's Tavern is a restaurant that serves Italian cuisine.

9. Defendants Chrone and Hussein are individuals residing, upon information and belief, in the state of New Jersey.

10. At all relevant times, Chrone and Hussein were, and still are, officers, directors, shareholders and/or persons in control of Chrone's Tavern who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

11. Upon information and belief, at all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities and for supervising his performance.

12. Upon information and belief, at all relevant times, Defendants had the power to discipline and terminate Plaintiff.

13. Upon information and belief, at all relevant times, Defendants were responsible for compensating Plaintiff.

14. Defendants are joint employers who jointly managed, supervised, hired, fired, and controlled Plaintiff's compensation, and are jointly and severally liable in this matter.

15. Upon information and belief, Defendants' revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

16. Defendants operate in interstate commerce.

17. All Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

18. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

19. The FLSA Collective Plaintiffs consist of no less than seven (7) similarly situated employees employed by Defendants, who work or worked in excess of forty (40) hours per workweek and are victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

20. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes,

*inter alia*, failing to pay employees the applicable overtime rates for all time worked in excess of forty (40) hours per week.

21. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

22. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

23. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Factual Allegations

24. Plaintiff was employed by Defendants from in or around 2011 until in or around February 2019.

25. From in or around 2011 until in or around February 2018, Plaintiff worked for Defendants as a pizza maker.

26. Plaintiff's principal responsibilities as a pizza maker included preparing pizza ingredients, including pizza sauce, pizza dough, and pizza toppings; assembling pizzas for baking; and baking pizzas.

27. From in or around March 2018 until in or around February 2019, Plaintiff worked for Defendants as a cook.

28. Plaintiff's principal responsibilities as a cook included chopping vegetables and meats, preparing a variety of dishes, maintaining inventory of the food products, and cleaning his cooking area.

29. Neither Plaintiff's nor the FLSA Collective Plaintiffs' job duties involved creating Defendants' food menu; rather, Plaintiff and the FLSA Collective Plaintiffs merely prepared foods items and performed other manual tasks in the kitchen and the restaurant.

30. Neither Plaintiff nor the FLSA Collective Plaintiffs had the authority to hire, fire, or discipline employees, nor did they make suggestions or recommendations as to the hiring, firing, or other terms and conditions of the employment of other employees.

31. Neither Plaintiff nor the FLSA Collective Plaintiffs supervised any employees, nor were they employed in an executive, professional, administrative, or outside sales capacity.

32. As a result, Plaintiff and the FLSA Collective Plaintiffs were non-exempt employees under the FLSA and the New Jersey Wage and Hour Law.

33. From in or around 2017 until in or around February 2019, Plaintiff worked six (6) days per week, from Monday through Saturday, from 11:00 a.m. to 10:00 p.m., for a total of approximately sixty-six (66) hours worked per week.

34. In addition to his regularly scheduled work hours, Plaintiff was also required to work approximately two (2) Sundays per month, from 5:00 p.m. to 8:00 p.m., bringing his weekly average work time to sixty seven and one-half (67.5) hours.

35. Throughout Plaintiff's employment with Defendants, he was afforded a forty five (45) minute daily rest break on every workday except Fridays, Saturdays, and Sundays, bringing his weekly average work time to sixty four and one-half (64.5) hours.

36. Throughout his employment, Plaintiff was compensated at a fixed weekly salary, regardless of the number of hours that he worked each week.

37. Plaintiff was paid $700.00 per week from in or around January 2014 until in or around February 2018; and $850.00 per week from in or around March 2018 until in or around February 2019.

38. Throughout Plaintiff's employment, Defendants paid Plaintiff entirely in cash.

39. Defendants did not track or otherwise record the hours Plaintiff and the FLSA Collective Plaintiffs worked.

40. Plaintiff and FLSA Collective Plaintiffs regularly worked more than forty (40) hours per week during their employment with Defendants.

41. However, Defendants failed to compensated Plaintiff and FLSA Collective Plaintiffs at their proper overtime rates of one and one-half (1.5) times their regular hourly rate or the statutory minimum wage, whichever is higher, for every hour worked in excess of forty (40) hours per week.

42. Defendants knew or should have known that their failure to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation was a violation of the FLSA and/or acted in reckless disregard of the federal and state wage and hour laws.

43. Defendants' refusal to pay Plaintiff and FLSA Collective Plaintiffs all wages owed to them is an intentional and willful violation of federal and state wage and hour laws.

44. Plaintiff and FLSA Collective Plaintiffs sustained substantial damages from the acts and omissions described herein.

45. In or around February 2019, Plaintiff complained to Hussein, a member of upper management, that he was not being paid overtime compensation for the hours he worked over forty (40) hours per week.

46. Plaintiff requested that Hussein reduce his hours so that he would work no more than forty (40) hours per week, until Defendants would agree to start paying overtime compensation.

47. Hussein refused to grant Plaintiff's request.

48. Shortly thereafter, approximately one (1) week later, Hussein terminated Plaintiff.

49. Defendants retaliated against Plaintiff by terminating him for attempting to assert his legal rights under the FLSA

50. Defendant's unlawful termination of Plaintiff in retaliation for making a complaint about not being paid overtime compensation is a violation of the FLSA's anti-retaliation provision and New Jersey's CEPA law.

51. Plaintiff sustained substantial damages from the acts and omissions described herein.

**AS AND FOR A FIRST CAUSE OF ACTION, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS**
(*Overtime Violations under the FLSA*)

52. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

53. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rate for all hours worked in excess of forty (40) per week.

54. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

55. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay for each hour worked in excess of forty (40) hours in a workweek.

56. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

57. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

58. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## **AS AND FOR A SECOND CAUSE OF ACTION**
*(Retaliation under the FLSA)*

59. Plaintiff repeats and realleges all prior allegations set forth above.

60. In or around February 2019, Plaintiff complained to Defendants that he was not being paid overtime compensation for the hours he worked over forty (40) hour per week.

61. Because he was not being paid overtime compensation, Plaintiff requested that Defendants reduce his hours to forty (40) hours per week until they would agree to pay him overtime compensation.

62. Defendants refused to grant Plaintiff's request.

63. Approximately one (1) week after Plaintiff's complaint, Defendants terminated Plaintiff's employment in retaliation for Plaintiff's attempt to assert his legal rights under the FLSA.

64. Upon information and belief, Plaintiff was the only employee terminated in or around February 2019.

65. Defendants did not have any legitimate, non-retaliatory reason for terminating Plaintiff's employment.

66. Defendants' termination of Plaintiff constitutes unlawful retaliation in violation of the FLSA, 29 U.S.C. § 215(a)(3).

67. As a result of Defendants' violations of the law and unlawful termination of Plaintiff's employment, Plaintiff has been damaged and is entitled to recover from Defendants back pay, front pay, liquidated damages, punitive damages, and emotional distress damages, along with reasonable attorneys' fees, interest, and costs.

68. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's back pay, front pay, liquidated damages, punitive damages, emotional distress damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION
*(Overtime Violations under the New Jersey Wage and Hour Law)*

69. Plaintiff repeats and realleges all prior allegations set forth above.

70. Pursuant to the applicable provisions of N.J.S.A. 34:11-56a(4), Plaintiff was entitled to overtime wages of one and one-half (1.5) times his regular hourly rate for all hours worked in excess of forty (40) per week.

71. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

72. However, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times his regular rate of pay for each hour worked in excess of forty (40) in a workweek.

73. Instead, Defendants compensated Plaintiff a fixed hourly rate for all hours worked during the week, and failed to provide Plaintiff with any overtime wages for hours worked in excess of forty (40) per week.

74. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with reasonable attorneys' fees, interest, and costs.

75. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

45. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of Plaintiff's unpaid overtime wages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION**
*(Failure to Timely Pay Wages in Violation of New Jersey Wage Payment Law)*

76. Plaintiff repeats and realleges all prior allegations.

77. At all relevant times, Defendants failed to pay Plaintiff the full amount of wages due to him, including overtime wages, at least twice during each calendar month, on regular paydays designated in advance, in violation of N.J.S.A. 34:11-4.2.

78. Defendants also failed to pay Plaintiff all wages due to him, including overtime wages, not later than the regular payday for the pay period in which he was terminated, in violation of N.J.S.A. 34:11-4.3.

79. As a result of Defendants' violations of the law and failure to pay Plaintiff all wages due in a timely manner, Plaintiff has been damaged and is entitled to recover from Defendants all unpaid wages, along with interest and costs.

80. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action for all unpaid wages, interest, costs, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION
*(Retaliation under the CEPA)*

81. Plaintiff repeats and realleges all prior allegations.

82. New Jersey's CEPA law prohibits retaliation because an employee objects to an activity, policy, or practice, which the employee reasonably believes constitutes a violation of a law, rule, or regulation.

83. Plaintiff reasonably believed that Defendants' failure to pay him overtime compensation for the hours he worked over forty (40) hours per week was a violation of law.

84. Plaintiff objected to this practice by complaining to Defendant Hussein, a member of upper management, that he was not being paid overtime compensation and requesting that his hours be reduced to forty (40) hours per week unless they agreed to start paying him overtime compensation.

85. Shortly thereafter, Defendants, including Defendant Hussein, terminated Plaintiff's employment in direct retaliation for making a complaint about not being paid overtime compensation.

86. Defendants violated CEPA in discharging Plaintiff for engaging in a protected activity by objecting to Defendants' practice of not paying overtime compensation, which he reasonably believed was a violation of the law.

87. Defendants' actions were especially egregious and constitute actual participation or willful indifference to the Plaintiff's rights under the CEPA.

88. As a direct result of Defendants' violations of the law and unlawful termination of Plaintiff's employment, Plaintiff has been damaged and is entitled to recover from Defendants back pay, front pay, liquidated damages, punitive damages, and emotional distress damages, along with reasonable attorneys' fees, interest, and costs.

89. Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of Plaintiff's back pay, front pay, liquidated damages, punitive damages, emotional distress damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiff prays for relief as follows:

a) on the First Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

a) on the Second Cause of Action for back pay, front pay, liquidated damages, punitive damages, emotional distress damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Third Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorney's fees in an amount to be determined by this Court;

c) on the Fourth Cause of Action for unpaid wages due to Plaintiff, in an amount to be determined by this Court;

d) on the Fifth Cause of Action for back pay, front pay, liquidated damages, punitive damages, and emotional distress damages, along with reasonable attorneys' fees in an amount to be determined by this Court;

e) interest;

f) costs and disbursements; and

g) such other and further relief as is just and proper.

Dated: New York, New York
July 16, 2019

*/s/ Nicole Grunfeld*
Nicole Grunfeld
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
t: (212) 460-0047
f: (212) 428-6811
ndgrunfeld@katzmelinger.com
*Attorneys for Plaintiff and*
*FLSA Collective Plaintiffs*