**KATZMELINGER**
280 MADISON AVENUE, SUITE 600
NEW YORK, NEW YORK 10016
www.katzmelinger.com

Nicole Grunfeld  t: (212) 460-0047
Katz Melinger PLLC  f: (212) 428-6811
ndgrunfeld@katzmelinger.com

October 10, 2019

**VIA ECF**
Honorable Madeline Cox Arleo
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

  Re: *Byron Cordova v. Breezy Point, Inc., et al.*
     **Civil Action No. 2:19-cv-15442-MCA-MAH**

Your Honor:

  We represent the plaintiff Byron Cordova ("Plaintiff") in the above-captioned matter, and write to respectfully request (1) an extension of time to effectuate service upon defendant Mohammed Hussein ("Hussein"); and (2) an Order pursuant to FRCP 4(e)(1) permitting alternative service by leave and mail upon Hussein in accordance with N.J. Ct. R. 4:4–4(b)(1).

**Background**

  Plaintiff filed a Complaint on July 16, 2019 (Dkt. No. 1). On July 17, 2019, the Court issued summons for defendants Breezy Point, Inc. ("Breezy Point"), Michael Chrone ("Chrone"), and Hussein (collectively, "Defendants") (Dkt. No. 5). Thereafter, our office engaged a process server to serve process on Defendants. On August 23, 2019, Breezy Point was served with process by delivering a true copy of the Summons and Complaint to a general agent of Breezy Point at 906 Mountain Avenue, Mountainside, New Jersey 07092 ("906 Mountain") (Dkt. No. 8). On September 26, 2019, Chrone was also served with process by delivery of a true copy of the Summons and Complaint to one of Chrone's co-workers at 906 Mountain (Dkt. No. 9).

  However, our process server remains unable to complete personal service of process on Hussein, despite repeated attempts. Specifically, Plaintiff's process server attempted to personally serve Hussein at his principal place of business located at 906 Mountain on five (5) separate occasions: August 23, 2019, August 31, 2019, September 7, 2019, September 9, 2019, and

September 26, 2019 (Dkt. No. 10). Although Plaintiff's process server was expressly informed that Hussein was present at 906 Mountain on two of the five occasions it attempted to serve Hussein, our process server was nonetheless unable to complete service of process.

### 1. Plaintiff's Request for an Extension of time to Effectuate Service.

If a plaintiff is able to establish "good cause," a Court must extend the time for service of process for an appropriate period. *Thompson v. Dep't of Corr.*, 2019 WL 2206174, at *3 (D.N.J. May 22, 2019). In determining whether "good cause" exists, courts consider, among other things, "the reasonableness of plaintiff's efforts to serve," and "whether the plaintiff moved for an enlargement of time to serve." *Pilone v. Basik Funding, Inc.*, 2007 WL 203958 * 2 (D.N.J. Jan. 24, 2007).

Here, Plaintiff has demonstrated "good cause" for an extension of time to serve Hussein. Plaintiff's current deadline to serve Hussein is October 14, 2019. However, despite repeated reasonable efforts, as further discussed below, Plaintiff remains unable to personally serve Hussein and is currently seeking an enlargement of his time to complete service.

As a result, Plaintiff respectfully requests that his time to serve Hussein be extended from October 14, 2019 to November 14, 2019.

### 2. Plaintiff's Request for an Order Permitting Alternative Service of Process by "Leave and Mail."

A court may order an alternative means of service that is consistent with due process when a plaintiff demonstrates that, despite due diligence, personal service cannot be completed. *Guardian Life Ins. Co. of Am. v. Estate of Walter Matesic*, 2016 WL 3763340, at *2 (D.N.J. July 14, 2016) (citing N.J. Ct. R. 4:4-4(b)(3)). In order to establish due diligence in attempting to effect personal service, "a plaintiff must demonstrate a good faith effort to search and find a defendant whose address is unknown, or who is allegedly evading service, before resorting to alternate means of substitute service." *Id.* (citing *J.C. v. M.C.,* 438 N.J.Super. 325, 331 (Ch. Div. 2013)).

Plaintiff has demonstrated due diligence in attempting to personally serve Hussein. Plaintiff attempted to serve Hussein at an address where Hussein is sure to be found. Indeed, Plaintiff's process server was expressly informed that Hussein was present at 906 Mountain on the first two occasions it attempted to complete personal service of process. However, Hussein was able to successfully evade service on said occasions and our process server was not able to complete service on Hussein thereafter, despite attempting service three more times. Further, Plaintiff's process server has made multiple attempts to effect personal service on Hussein on different days and at various times during the day. Lastly, our office has reason to believe that Hussein is aware of this action. Indeed, counsel for Breezy Point and Chrone provided our office with an affirmation executed by Hussein in September 2019 in support of the alleged defenses Breezy Point and Chrone have raised thus far.

Hon. Madeline Cox Arleo<br>
October 10, 2019<br>
Page 3

  Based on the foregoing, Plaintiff respectfully requests an Order permitting Plaintiff to serve Hussein with a copy of the Summons and Complaint by "leave and mail."

  We thank the Court for its attention to this matter. Please feel free to contact the undersigned should there be any questions.

Sincerely,

*/Nicole Grunfeld/*
Nicole Grunfeld

Cc: All counsel of record (via ECF)