UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------X
BYRON CORDOVA, individually and on behalf of all
others similarly situated,

                                              Civil Action No.
                       Plaintiff,             2:19-cv-15442

                       -against-

BREEZY POINT INC. d/b/a CHRONE'S TAVERN,
MICHAEL CHRONE, and MOHAMMED HUSSEIN,

                               Defendants.
-------------------------------------------------------------------X

**DECLARATION OF NICOLE GRUNFELD IN SUPPORT OF
PLAINTIFF'S MOTION FOR AN ORDER PERMITTING ALTERNATIVE
SERVICE OF PROCESS UPON DEFENDANT MOHAMMED HUSSEIN**

        NICOLE GRUNFELD, being of full age, declares and states:

        1.       I am the senior associate at Katz Melinger PLLC, attorneys for plaintiff

Byron Cordova ("Cordova" or "Plaintiff"), and make this declaration in support of

Plaintiff's motion for an Order pursuant to FRCP 4(e)(1) permitting Plaintiff to serve

process on defendant Mohammed Hussein ("Defendant Hussein") by leaving a copy

of the summons and complaint with a person of suitable age and discretion at 906

Mountain Avenue, Mountainside, New Jersey 07092 ("906 Mountain"), where

Defendant Hussein works, owns, and/or operates a restaurant, and by simultaneously

mailing a copy of the same to Defendant Hussein at 906 Mountain via USPS First

Class Mail (hereinafter referred to as "leave-and-mail" service of process) or as the

Court otherwise directs.

2.      I am fully familiar with the facts and circumstances concerning the matters set forth below.

3.      On July 16, 2019, Plaintiff commenced this putative collective action by filing a Summons and Complaint. Dkt. No. 1.

4.      Plaintiff, through his process server, duly served defendants Breezy Point Inc. d/b/a Chrone's Tavern ("Breezy Point") and Michael Chrone ("Chrone") on August 23, 2019 and September 26, 2019, respectively. Dkt. Nos. 8-9.

5.      However, Plaintiff's process server has been unable to effect personal service of process on Defendant Hussein.

6.      Plaintiff's process server repeatedly attempted to personally serve Defendant Hussein at 906 Mountain but was unable to complete personal service of process, despite diligent and repeated efforts. Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff's process server's Affidavit of Due Diligence.

7.      Specifically, Plaintiff's process server attempted to personally serve Defendant Hussein at 906 Mountain on five (5) separate occasions: August 23, 2019, August 31, 2019, September 7, 2019, September 9, 2019, and September 26, 2019. *Id.*

8.      On August 23, 2019 and August 31, 2019, Plaintiff's process server spoke to an employee at 906 Mountain, who advised Plaintiff's process server that Defendant Hussein was present at 906 Mountain. *Id.*

9.    Nevertheless, Plaintiff's process server was unable to meet Defendant Hussein in order to effect personal service of process on the aforementioned dates. *Id.*

10.    Thereafter, Plaintiff's process server attempted to effect personal service of process on Defendant Hussein on three (3) additional dates, but Plaintiff's process server's efforts were ultimately unsuccessful. *Id.*

11.    As a result, on October 10, 2019, Plaintiff filed a letter requesting an extension of time to serve process on Defendant Hussein and requesting that the Court permit Plaintiff to serve Defendant Hussein by "leave-and-mail" service of process. Dkt. No. 11.

12.    On October 17, 2019, the Court issued a text order extending Plaintiff's time to serve process on Defendant Hussein until February 17, 2020, and directing Plaintiff to file a formal motion for alternative service. Dkt. No. 12.

13.    On October 21, 2019, defendants Breezy Point and Chrone filed a motion to dismiss Plaintiff's Complaint and included an affidavit signed by Defendant Hussein, along with their motion. Attached hereto as Exhibit 2 is a true and correct copy of Defendant Hussein's affidavit.

14.    Plaintiff has attempted to personally serve Defendant Hussein with process with reasonable diligence and has been unsuccessful.

15.     Based on the foregoing, Plaintiff's counsel believes that Defendant Hussein is evading personal service of process in an effort to avoid this litigation.

16.     As personal service of process is not possible, Plaintiff respectfully requests that the Court permit Plaintiff to effect service of process on Defendant Hussein by "leave-and-mail" service of process.

17.     No prior application for this relief has been made by Plaintiff.

18.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

WHEREFORE, Plaintiff respectfully requests that the Court issue an order granting his application to serve process on defendant Mohammed Hussein by "leave-and-mail" service of process or as the Court otherwise directs.

Dated:      New York, New York
            November 18, 2019

/s/ Nicole Grunfeld
Nicole Grunfeld
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
(212) 460-0047
ndgrunfeld@katzmelinger.com
Attorneys for Plaintiff