UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------X
BYRON CORDOVA, individually and on behalf of all
others similarly situated,

                                Plaintiff,

                  -against-

BREEZY POINT INC. d/b/a CHRONE'S TAVERN,
MICHAEL CHRONE, and MOHAMMED HUSSEIN,

                                Defendants.
-------------------------------------------------------------------X

Civil Action No.
2:19-cv-15442

Motion Return Date:
December 16, 2019

# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFF'S MOTION FOR AN ORDER PERMITTING ALTERNATIVE
# SERVICE OF PROCESS UPON DEFENDANT MOHAMMED HUSSEIN

Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, NY 10016
Telephone: (212) 460-0047
Facsimile: (212) 428-6811
*Counsel for Plaintiff*

## **TABLE OF CONTENTS**

Preliminary Statement ............................................................................................... 1

Facts ........................................................................................................................... 1

Argument .................................................................................................................... 3

   A.    Plaintiff has demonstrated due diligence in attempting to effect personal service of process upon Defendant Hussein. ......................................................... 3

   B.  Service of process by "leave-and-mail" meets the constitutional prerequisites of due process ...................................................................................... 5

Conclusion .................................................................................................................. 7

# **TABLE OF AUTHORITIES**

**Cases**

*Guardian Life Ins. Co. of Am. v. Crystal Clear Indus.,* 2012 WL 1884003
   (D.N.J. May 22, 2012) ...................................................................................5
*Guardian Life Ins. Co. of Am. v. Estate of Walter Matesic*, 2016 WL 3763340
   (D.N.J. July 14, 2016) ............................................................................ 3, 4, 5, 6
*Janowski v. Williams*, 2014 WL 1092611 (D.N.J. Mar. 18, 2014) ..........................5
*Kopic v. Magriplis Corp.,* 2006 WL 3903975
   (N.J. Super. Ct. App. Div. Dec. 29, 2006) ..........................................................5
*Life Ins. Co. of the Sw. v. Nicholas*, 2017 WL 3741003
   (D.N.J. Aug. 29, 2017) ................................................................................ 4, 5, 6
*O'Connor v. Altus*, 335 A.2d 545, 556 (1975) ........................................................5
*Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007 (9th Cir. 2002) .............6

**Rules**

Fed. R. Civ. P. 4(e)(1) ...............................................................................................3
Rule 4:4-3(a) .............................................................................................................3
Rule 4:4-4(b)(1) ........................................................................................................3
Rule 4:4-4(b)(3) ........................................................................................................3

**Other Authorities**

*Pressler & Verniero, Current N.J. Court Rules*, comment to R. 4:4-5 (2007) .........6

## **Preliminary Statement**

Plaintiff Byron Cordova ("Plaintiff") submits this Memorandum of Law in support of his motion for an order pursuant to FRCP 4(e)(1) permitting Plaintiff to serve process on defendant Mohammed Hussein ("Defendant Hussein") by leaving a copy of the summons and complaint with a person of suitable age and discretion at 906 Mountain Avenue, Mountainside, New Jersey 07092 ("906 Mountain"), where Defendant Hussein works, owns, and/or operates a restaurant, and by simultaneously mailing a copy of the same to Defendant Hussein at 906 Mountain via USPS First Class Mail (hereinafter referred to as "leave-and-mail" service of process), or as the Court otherwise directs.

## **Facts**

On July 16, 2019, Plaintiff commenced this action by filing a summons and complaint. Declaration of Nicole Grunfeld ("Grunfeld Decl.") ¶ 3. Defendants Breezy Point Inc. d/b/a Chrone's Tavern ("Breezy Point") and Michael Chrone ("Chrone") were duly served with process on August 23, 2019 and September 26, 2019, respectively. *Id.* at ¶ 4.  However, Plaintiff's process server was unable to personally serve process on Defendant Hussein, despite repeated and diligent efforts as further discussed herein. *Id.* at ¶¶ 5-7.  Specifically, Plaintiff's process server attempted to personally serve Defendant Hussein at Breezy Point's principal place of business, 906 Mountain, where Defendant Hussein works, owns, and/or operates

1

a restaurant. Plaintiff's process server attempted to serve Defendant Hussein at 906 Mountain on five (5) separate occasions: August 23, 2019, August 31, 2019, September 7, 2019, September 9, 2019, and September 26, 2019. *Id.* at ¶ 7; Exhibit 1. Although on August 23, 2019 and August 31, 2019, Plaintiff's process server spoke to an employee at 906 Mountain, who advised Plaintiff's process server that Defendant Hussein was present at 906 Mountain, Plaintiff's process server was unable to meet Defendant Hussein on the aforementioned dates in order to complete personal service of process. *Id.* at ¶¶ 8-9. Thereafter, Plaintiff's process server attempted to effect personal service of process on Defendant Hussein on three (3) additional dates, but Plaintiff's process server's efforts were ultimately unsuccessful. *Id.* at ¶ 10.  On October 21, 2019, Breezy Point and Chrone filed a motion to dismiss Plaintiff's Complaint, which included a certification signed by Defendant Hussein. *Id.* at ¶13; Exhibit 2.  The certification signed by Defendant Hussein and submitted with Breezy Point's and Chrone's motion to dismiss clearly demonstrates that Defendant Hussein is well aware of this action.

    As Plaintiff has demonstrated reasonable due diligence in attempting to personally serve Defendant Hussein and as Plaintiff's proposed method of alternative service comports with due process, Plaintiff respectfully requests that the Court enter an order permitting Plaintiff to effect service of process on Defendant Hussein by leave-and-mail service of process.

## **Argument**

A. <u>Plaintiff has demonstrated due diligence in attempting to effect personal service of process upon Defendant Hussein.</u>

Under FRCP 4(e), an individual located within a judicial district of the United States may be served by following the state law that governs the service of a summons and complaint. Fed. R. Civ. P. 4(e)(1). In New Jersey, the preferred method is personal service of process. Rule 4:4-3(a). However, alternative forms of service of process are permitted where personal service of process is not possible, despite diligent efforts. Rule 4:4-4(b)(1) and (3); see also, *Guardian Life Ins. Co. of Am. v. Estate of Walter Matesic*, 2016 WL 3763340, at *2 (D.N.J. July 14, 2016). Where a party has demonstrated reasonable diligence in attempting to effect personal service of process, "a court may order an alternative means of service that is consistent with due process." *Guardian Life Ins. Co. of Am.*, 2016 WL 3763340, at *2 (citing Rule 4:4-4(b)(3)). "There is no objective formulaic standard for determining what is, or is not, due diligence. Instead, due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant…a plaintiff must demonstrate a good faith effort to search and find a defendant whose address is unknown, or who is allegedly evading service, before resorting to alternate means of substitute service." *Id.* (citations omitted).

In the instant matter, Defendant Hussein's address is not unknown. Indeed, Plaintiff has attempted to serve Defendant Hussein at 906 Mountain, where

Defendant Hussein works, owns, and/or operates a restaurant. Moreover, Plaintiff's process server has confirmed that Defendant Hussein was present at 906 Mountain on at least two (2) occasions when Plaintiff's process server attempted to effect personal service of process. Grunfeld Decl. ¶ 7; Exhibit 1. However, while Plaintiff's process server attempted to effect personal service of process on Defendant Hussein on three (3) additional dates thereafter, Defendant Hussein was nonetheless able to successfully evade service of process. *Id.* at ¶10. Moreover, on October 21, 2019, defendants Breezy Point and Chrone filed a motion to dismiss this action, which included a certification signed by Defendant Hussein. *Id.* at 13; Exhibit 2 (the "Hussein Certification"). Through the Hussein Certification, Defendant Hussein makes clear that he is aware that he is a named defendant in this action, and that he operates the kitchen and restaurant at 906 Mountain, where Plaintiff repeatedly attempted to serve Defendant Hussein with process. See the Hussein Certification ¶¶ 1, 5.

Where, as here, a party has made several attempts to effect personal service of process on different days and at various times, courts have repeatedly found that such attempts established due diligence permitting alternative service of process. *Guardian Life Ins. Co. of Am.,* 2016 WL 3763340, at *2; *Life Ins. Co. of the Sw. v. Nicholas*, 2017 WL 3741003, at *3 (D.N.J. Aug. 29, 2017) (noting that "varied and numerous attempts" to locate and personally serve a defendant was enough to satisfy

4

the reasonable diligence requirement); *Janowski v. Williams*, 2014 WL 1092611, at *1 (D.N.J. Mar. 18, 2014) (substituted service appropriate where the plaintiff made several attempts to locate and serve the defendants). Furthermore, it is well established that a court order permitting alternative service of process is generally reserved for circumstances such as the ones present in this case, where a defendant successfully evades service of process. *Kopic v. Magriplis Corp.*, 2006 WL 3903975, at *2 (N.J. Super. Ct. App. Div. Dec. 29, 2006) (citing *Pressler & Verniero, Current N.J. Court Rules*, comment to R. 4:4-5 (2007)).

   B. Service of process by "leave-and-mail" meets the constitutional prerequisites of due process.

Once a plaintiff has demonstrated reasonable due diligence in attempting to effect personal service of process, "a court may order an alternative means of service that is consistent with due process." *Guardian Life Ins. Co. of Am.*, 2016 WL 3763340, *2; *Life Ins. Co. of the Sw.*, 2017 WL 3741003, at *3. Due process requires that the proposed method of service provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Guardian Life Ins. Co. of Am. v. Crystal Clear Indus.*, 2012 WL 1884003, at *5 (D.N.J. May 22, 2012) (citing *O'Connor v. Altus*, 335 A.2d 545, 556 (1975)).

Here, Plaintiff proposes alternative service of process by "leave-and-mail", which would permit Plaintiff's process server to leave a copy of the summons and

complaint at 906 Mountain with a person of suitable age and discretion, and then mail a copy of the same to Defendant Hussein at 906 Mountain via USPS Firs Class Mail. Plaintiff notes that the Hussein Certification clearly establishes that Defendant Hussein has been well-aware of this action for a prolonged period of time and suggests that Defendant Hussein has been actively avoiding this litigation. Nevertheless, by leaving and mailing a copy of the summons and complaint to 906 Mountain, a location where Plaintiff's process server has already confirmed Defendant Hussein can be found, Plaintiff will once again notify Defendant Hussein of this action and provide him with a renewed opportunity to present his objections, as required by due process of law.

Furthermore, "[c]ourts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Life Ins. Co. of the Sw. v. Nicholas*, 2017 WL 3741003, at *3 (D.N.J. Aug. 29, 2017) (citing *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002)). Courts have also found that substituted service of process by certified mail and regular mail alone comport with due process. *Guardian Life Ins. Co. of Am.*, 2016 WL 3763340, at *2. Here, in addition to mailing a copy of the summons and complaint to Defendant Hussein at 906 Mountain via USPS First Class Mail, Plaintiff's process server will also deliver a copy of the same to a person of suitable

age and discretion at 906 Mountain. Plaintiff's proposed method of alternative service of process will effectively notify Defendant Hussein of this action, allow Defendant Hussein a renewed opportunity to present his objections, and prevent Defendant Hussein from further prolonging this matter by avoiding this litigation.

Based on the foregoing, Plaintiff respectfully requests that the court grant his application to serve process upon Defendant Hussein by "leave-and-mail" service of process or as the Court otherwise directs.

### Conclusion

Plaintiff requests that this motion be granted in its entirety.

Dated: New York, New York
November 18, 2019

*/s/ Nicole Grunfeld*
Nicole Grunfeld
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
Telephone: (212) 460-0047
Facsimile:  (212) 428-6811
ndgrunfeld@katzmelinger.com
*Attorneys for Plaintiff*