UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BYRON CORDOVA, etc.,<br><br>Plaintiff,<br><br>v.<br><br>BREEZY POINT INC., etc., et al.,<br><br>Defendants. | Civil Action No. 19-15442 (MCA) (MAH)<br><br>OPINION |

## I. INTRODUCTION

This matter comes before the Court by way of Plaintiff Byron Cordova's motion for leave to serve the summons and complaint by alternative means upon Defendant Mohammed Hussein pursuant to Federal Rule of Civil Procedure 4(e). Mot. for Alt. Service, D.E. 20. Specifically, Plaintiff requests leave to effect service on Mr. Hussein by "leave and mail" service at his place of business. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court decided this motion without oral argument. For the reasons set forth below, the Court will grant Plaintiff's motion.

## II. BACKGROUND

On July 16, 2019, Plaintiff filed this action against Defendants Breezy Point Inc., Michael Chrone and Mr. Hussein, alleging violations of the Fair Labor Standards Act, the New Jersey Wage and Hour Law, the New Jersey Wage Payment Act and the New Jersey Conscientious Employee Protection Act. Compl., D.E. 1, ¶ 1.

On July 17, 2019, summonses were issued. Summons Issued, Jul. 17, 2019, D.E. 5. Since that time, Plaintiff has been unable to serve Mr. Hussein. Through his process server, Plaintiff

1

served Breezy Point on August 23, 2019 and Michael Chrone on September 26, 2019. Mot. for Alt. Serv., Decl. of Nicole Grunfeld, Nov. 18, 2019, D.E. 20-1, ¶ 4. However, despite repeated attempts to serve Mr. Hussein at his place of business, Plaintiff's process server was unable to personally serve Mr. Hussein.

On November 18, 2019, Plaintiff filed the present motion for alternative service, and a supporting Declaration of Plaintiff's counsel, Nicole Grunfeld. Mot. for Alt. Serv., Nov. 18, 2019, D.E. 20; Decl. of Nicole Grunfeld, Nov. 18, 2019, D.E. 20-1. Plaintiff seeks an Order permitting him to serve Mr. Hussein by leaving a copy of the Summons and Complaint with a person of "suitable age and discretion" at 906 Mountain Avenue, Mountainside, New Jersey 07092, Mr. Hussein's place of business, where he is believed to work, own and operate a business. Memo. in Supp. of Mot., Nov. 18, 2019, D.E. 20-4, at 1. Plaintiff seeks to simultaneously mail a copy of the summons and complaint via First Class Mail to the same Mountainside restaurant. *Id.*

According to the Declaration of Plaintiff's counsel, Plaintiff's process server attempted to serve Mr. Hussein at his place of business on August 23, 2019, August 31, 2019, September 7, 2019, September 9, 2019 and September 26, 2019. Mot. for Alt. Serv., Decl. of Nicole Grunfeld, Nov. 18, 2019, D.E. 20-1, ¶ 7. The process server reported that on August 23 and 31, 2019, he spoke to an employee at 906 Mountain who indicated that Mr. Hussein was present at that location, but the process server was unable to meet with Mr. Hussein. *Id.* ¶ 8. The process server attempted to serve Mr. Hussein at 906 Mountain on three more occasions but was similarly unsuccessful. *Id.* ¶ 10. Plaintiff's counsel declares that she believes that Mr. Hussein is evading personal service in an attempt to avoid this litigation. *Id.* ¶¶ 9, 15.

On October 21, 2019, Defendants Breezy Point and Mr. Chrone filed a motion to dismiss Plaintiff's Complaint, which included, *inter alia*, a Certification from Mr. Hussein. Mot. to

Dismiss, Cert. of Mohammed Hussein, Oct. 21, 2019, D.E. 14-2; Mot. for Alt. Serv., Decl. of Nicole Grunfeld, Cert. of Mohammed Hussein, Nov. 18, 2019, D.E. 20-2. In his Certification, Mr. Hussein acknowledges that he is a Defendant in this action. Mot. for Alt. Serv., Decl. of Nicole Grunfeld, Cert. of Mohammed Hussein, Nov. 18, 2019, D.E. 20-2, ¶ 1. He certifies that he operates a kitchen and restaurant as a sole proprietorship under the trade name, Chrone's Pizza, which is leased to him by Breezy Point and located within the same building as the distinct business run by Breezy Point, a tavern. *Id.*, ¶¶ 3-5. Mr. Hussein has "complete control over the operation and management of the kitchen and restaurant operation with the Breezy Point tavern." *Id.*, ¶ 6. Mr. Hussein further certifies that he does not share any of the profits he earns as a result of running the kitchen with either Breezy Point or Mr. Chrone. *Id.*, ¶ 8. He also certifies that he alone: (1) hires all employees; (2) controls and assigns work to the kitchen employees; (3) supervises the kitchen employees' performance; and (4) is responsible for scheduling, payment of wages, discipline and termination of the kitchen employees. *Id.*, ¶ 10.

Plaintiff seeks leave to effect service on Mr. Hussein by "leave-and-mail" service of process on Mr. Hussein's place of business, 906 Mountain Avenue, Mountainside, New Jersey 07092. *Id.* ¶ 16.

### III. DISCUSSION

Plaintiff argues that because he has made multiple attempts to personally serve Mr. Hussein at his place of business, he should be permitted to serve Mr. Hussein via "leave and mail" service at his place of business. Memo. in Supp. of Mot., Nov. 18, 2019, D.E. 20-4, at 5-6; Decl. of Nicole Grunfeld, Nov. 18, 2019, D.E. 20-1, ¶ 16.

Federal Rule of Civil Procedure 4(e) provides that:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>   (A) delivering a copy of the summons and of the complaint to the individual personally;
>   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Pursuant to New Jersey law, personal service is the primary and preferred method to serve an individual defendant located within the state. N.J. Ct. R. 4:4-4(a). However, when personal service cannot be effectuated in accordance with N.J. Ct. R. 4:4-4(a), New Jersey law allows for substitute modes of service so long as the proposed form of service is "provided by court order, consistent with due process of law." *See* N.J. Ct. R. 4:4-4(b)(3).

Before seeking a court order pursuant to Rule 4:4-4(b)(3), an "affidavit of diligent inquiry is required to disclose the efforts made to ascertain the defendant's whereabouts." *Modan v. Modan*, 327 N.J. Super. 44, 47 (App. Div. 2000). The diligence exercised and the alternative service requested must meet the constitutional requirements of due process. *Cf. O'Connor v. Abraham Altus*, 67 N.J. 106, 126–127 (1975). "There is no objective formulaic standard for determining what is, or is not, due diligence. Instead…due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Id.* at 48 (internal citation and quotations omitted). "In short, a plaintiff must demonstrate a good faith, energetic effort to search and find a defendant whose address is unknown, or who is allegedly evading service, before resorting to alternate means of substitute service." *J.C. v. M.C.*, 438 N.J. Super.

325, 331 (Ch. Div. 2013). Due diligence does not require a plaintiff to "take every conceivable action" to find a defendant's whereabouts. *Guardian Life Ins. Co. of Am. v. Crystal Clear Indus.*, 2012 WL 1884003, *5 (D.N.J. 2012). Once a plaintiff has exhibited that he exercised reasonable due diligence, "a court may order an alternative means of service that is consistent with due process." *Guardian Life Ins. Co. of Am. v. Estate of Matesic*, 2016 WL 3763340, *2 (D.N.J. 2016).

The facts before the Court are somewhat unique. This is not a case where a plaintiff seeks to use alternative means of service on a defendant whose whereabouts are uncertain. The Court is not left to speculate whether the alternative means of service will ever reach Mr. Hussein. Quite the contrary, Mr. Hussein's whereabouts are clear from the process server's efforts and Mr. Hussein's own certification. Plaintiff's counsel's Declaration describes multiple attempts to serve Mr. Hussein at a location at which he is known to be, Chrone's Pizza, 906 Mountain Avenue, Mountainside, New Jersey. While it is true that the process server has attempted to serve Defendant only at the location where Mr. Hussein works, owns and/or operates a kitchen, the process server has attempted service there on no fewer than five occasions. On at least two of those occasions, the process server was told that Mr. Hussein was in the building, but the process server was unable to meet with him. It is clear from Mr. Hussein's Certification that he is aware of this litigation. The Court can also infer from Mr. Hussein's Certification that he is at the kitchen every day that the kitchen is open, as he claims sole responsibility for hiring, firing, discipline, supervision, and scheduling of all employees. Mr. Hussein also certifies that he alone controls and assigns work to the kitchen employees, and pays their wages.

New Jersey Court Rule 4.4-4(b)(3) requires that the substitute means of service comport with "due process of law." It requires, at bottom, that a plaintiff use diligent efforts to locate a

5

putative defendant, not that a plaintiff take every conceivable action to serve that defendant. Under the circumstances here, particularly Mr. Hussein's regular presence at the 906 Mountain Avenue Address, the Court is satisfied that Plaintiff has exercised "reasonable diligence." *See J.C. v. M.C.*, 438 N.J. Super. 325, 331 (Ch. Div. 2013); *see also Guardian Life Ins. Co. of Am. v. Crystal Clear Indus.*, 2012 WL 1884003, *5 (D.N.J. 2012).

Although Plaintiff has demonstrated to the Court that he was diligent in attempting to serve Mr. Hussein, the Court's inquiry does not end there. As stated by N.J. Ct. R. 4:4-4(b)(3), any form of substitute service must be "consistent with due process of law." *See also Marlabs Inc. v. Jakher*, Civ. No. 07-4074, 2010 WL 1644041, *3 (D.N.J. 2010) (explaining that a proposed means of alternative service must comport with constitutional notions of due process). The United States Supreme Court has explained that the proposed method of service must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). "[C]ourts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Rio Properties, Inc. v. Rio Intern. Interlink,* 284 F.3d 1007, 1016 (9th Cir. 2002). However, what qualifies as sufficient service depends on each case's particular facts and circumstances. *See Prediction Co. LLC v. Rajgarhia*, 2010 WL 1050307, at *1. (S.D.N.Y 2010).

Plaintiff's submissions in support of the motion for alternative service establish that the proposed means of service, *i.e.*, "leave-and-mail," which would involve Plaintiff's process server leaving a copy of the Summons and Complaint at Mr. Hussein's place of business, and also

mailing a copy via First Class mail to Mr. Hussein's place of business, would comport with constitutional notions of due process.  As already stated, Mr. Hussein's Certification establishes that he is aware of this action and has been for some time.  Mr. Hussein's Certification and Plaintiff's process server have established that Mr. Hussein maintains a regular presence at Chrone's Pizza, 906 Mountain Avenue, Mountainside, New Jersey.  Leaving and mailing a copy of the Summons and Complaint via First Class mail at the place where Mr. Hussein can be found working nearly daily comports with due process.  Moreover, courts have determined that substituted service via certified and regular mail are consistent with the due process of law. *Guardian Life Ins. Co. of Am. v. Estate of Walter Matesic*, Civ. No. 16-643, 2016 WL 3763340, at *2 (D.N.J. July 14, 2016) (finding that service by certified and regular mail comports with due process).  Accordingly, the Court is certain that Mr. Hussein will be placed on notice of this action and will afford him the opportunity to present a defense.  *See Mullane*, 339 U.S. at 314. Accordingly, the Court finds that the proposed method of substitute service comports with traditional constitutional notice of due process.

### IV. CONCLUSION

For the reasons stated herein, Plaintiff's motion for leave to effect alternative service is granted.  An appropriate Order shall issue.

*s/ Michael A. Hammer*
**United States Magistrate Judge**

Dated:  January 13, 2020