# K<small>ATZ</small>M<small>ELINGER</small>

280 M<small>ADISON</small> A<small>VENUE</small>, S<small>UITE</small> 600
N<small>EW</small> Y<small>ORK</small>, N<small>EW</small> Y<small>ORK</small> 10016
www.katzmelinger.com

| | |
|---|---:|
| Nicole Grunfeld | t: 212.460.0047 |
| Katz Melinger PLLC | f: 212.428.6811 |
| | ndgrunfeld@katzmelinger.com |

December 2, 2020

**Via ECF**
The Honorable Michael A. Hammer
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Re:    *Byron Cordova v. Breezy Point Inc. et al*
                <u>Civil Action No. 2:19-cv-15442-MCA-MAH</u>

Your Honor:

      We are attorneys for the plaintiff, Byron Cordova, and write jointly with defendant MD I Hossain s/h/a Mohammed Hussein ("Hossain") to seek approval of their agreement to settle Plaintiff's claims[1], which include claims for overtime violations pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a(4) ("NJWHL"); retaliation pursuant to the FLSA and the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1 *et seq.* ("CEPA"); and failure to timely pay wages pursuant to the New Jersey Wage Payment Law. Plaintiff and Hossain write to respectfully request that the Court approve the settlement agreement between them, a copy of which is attached hereto as **Exhibit 1**, and allow them to discontinue the matter with prejudice as to defendant Hossain, pursuant to Fed. R. Civ. P. 41 (a)(2).

      **1.**    <u>**Summary of Plaintiff's Claims**</u>

      This matter arises out of Plaintiff's employment with Hossain and the Chrone Defendants (collectively "Defendants"). Plaintiff alleges that he was employed by Defendants from in or around 2011 until in or around February 2019. From in or around 2011 until in or around February 2018, Plaintiff worked as a pizza maker. Plaintiff's principal responsibilities as a pizza maker included preparing pizza ingredients, including pizza sauce, pizza dough, and pizza toppings; assembling pizzas for baking; and baking pizzas. From in or around March 2018 until in or around February 2019, Plaintiff worked as a cook. Plaintiff's principal responsibilities as a cook included

---

[1] As of the date of this letter, Plaintiff's claims against defendants Breezy Point Inc. and Michael Chrone (collectively, "Chrone Defendants") are still pending and will proceed in this matter.

chopping vegetables and meats, preparing a variety of dishes, maintaining inventory of the food products, and cleaning his cooking area.

Plaintiff further alleges that from in or around 2017 until in or around February 2019, he worked from Monday through Saturday, from 11:00 a.m. to 10:00 p.m., for a total of approximately sixty-six (66) hours worked per week. In addition to the foregoing work hours, Plaintiff claims he was also required to work approximately two (2) Sundays per month, from 5:00 p.m. to 8:00 p.m., bringing his weekly average work time to sixty seven and one-half (67.5) hours. Plaintiff was afforded a forty five (45) minute daily rest break on every workday except Fridays, Saturdays, and Sundays, thus his weekly average work time was sixty four and one-half (64.5) hours. Although Plaintiff worked in excess of forty (40) hours per week, Defendants failed to compensate him with overtime wages. Plaintiff alleges that throughout his employment, he was compensated at a fixed weekly salary, regardless of the number of hours that he worked each week. Plaintiff claims that he was paid $700.00 per week from in or around January 2014 until in or around February 2018; and $850.00 per week from in or around March 2018 until in or around February 2019.

Plaintiff further alleges that in or around February 2019, he complained to defendant Hossain that he was not being paid overtime compensation for the hours he worked over forty (40) per week, and requested that Hossain reduce his work hours so that he would work no more than forty (40) hours per week unless Defendants pay him the legally required overtime compensation. Defendant Hossain refused Plaintiff's request and approximately one week thereafter terminated Plaintiff's employment.

## 2. **Defendant Hossain's Position**

Defendant Hossain alleges that he is in major disagreement with the allegations of Mr. Cordova regarding the number of hours worked. In addition Mr. Hossain states that he did not terminate Mr. Cordova. They reached an impasse when discussing a pay increase and Mr. Cordova decided to stop working at the business.

Mr. Hossain has already spent a considerable amount of money on this litigation and cannot afford to go forward with the costs of a potential trial. Mr. Hossain feels it is in his best interest to settle the case and not suffer any additional losses. Mr. Hossain is already in financial hardship due to the business restrictions of Covid 19 in 2020 and is fearful of losing his business.

While Plaintiff and Hossain continue to express opposing views on the likely outcome of this matter, they understand that the complex factual issues in this matter would likely require a trial, and that each of them would expend significant time and costs to prepare for trial. While Plaintiff and Hossain have agreed to a settlement, there remains significant disagreement over the amount of alleged overtime hours worked by Plaintiff and the amount and manner in which Plaintiff was compensated. With such uncertainty on both sides, the risk to defendant Hossain of a substantial judgment against him, and the risk to Plaintiff of failing to prevail on all of his claims or being unable to collect on a judgment in the event he does prevail on all of his claims, the amount agreed to by Plaintiff and Hossain represents a fair and reasonable settlement at such an early stage of the litigation.

Honorable Michael A. Hammer
December 2, 2020
Page 3

## **The Proposed Settlement Should Be Approved**

    1. <u>The Settlement Resolves Bona Fide Disputes and is Fair and Reasonable to Plaintiff</u>

       To approve an FLSA settlement agreement in the Third Circuit, the court must determine whether "the compromise reached is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Davis v. Essex Cty.*, 2015 WL 7761062, at *2 (D.N.J. Dec. 1, 2015) (internal quotations and citations omitted). "In determining whether the compromise resolves a bona fide dispute, the Court must be reassured that the settlement 'reflect[s] a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching,' and the bona fide dispute must be determined to be one over 'factual issues' not 'legal issues such as the statute's coverage or applicability.'" *Brumley v. Camin Cargo Control, Inc.,* 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (citations omitted). District courts in the Third Circuit typically consider the factors set forth in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir.1975) in determining whether a FLSA settlement is fair and reasonable. *Cruz v. JMC Holdings, Ltd.*, 2019 WL 4745284, at *4 (D.N.J. Sept. 30, 2019). Those factors are: "...(1) the complexity, expense and likely duration of the litigation ...; (2) the reaction of the class to the settlement ...; (3) the stage of the proceedings and the amount of discovery completed ...; (4) the risks of establishing liability ...; (5) the risks of establishing damages ...; (6) the risks of maintaining the class action through the trial ...; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery ...; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation ...." *Id.* (citing *Girsh*, 521 F.2d at 157).

       The proposed settlement agreement between Plaintiff and Hossain reflects a reasonable compromise of bona fide disputes regarding Plaintiff's claims, rather than a mere waiver of statutory rights brought about by defendant Hossain's overreaching. To the contrary, Plaintiff is represented by competent counsel and the proposed agreement resolves bona fide dispute as to Plaintiff's ability to recover unpaid overtime wages and the circumstances surrounding the conclusion of Plaintiff's employment. Specifically, Plaintiff alleges that throughout his employment, he regularly worked an average of sixty four and one-half (64.5) hours per week. However, defendant Hossain denies that Plaintiff worked in excess of forty (40) hours per week and contends that as a result Plaintiff is not entitled to overtime wages. Similarly, Plaintiff's allegations that he was retaliated against are vigorously denied by defendant Hossain.

       Moreover, the proposed settlement agreement is fair and reasonable to Plaintiff. The settlement amount, $25,000.00, results in a recovery to Plaintiff of $16,141.67, after expenses and proposed attorneys' fees.  This sum is fair and reasonable given the early stage at which the settlement was reached; the fact that Plaintiff can still proceed with his claims against the Chrone Defendants; the time and costs associated with continued ligation; the risk that Plaintiff would not prevail on all of his claims after a trial; and the fact that Plaintiff will receive the entire settlement amount shortly after the Court's approval of the settlement agreement. Moreover, Plaintiff and Hossain note that Plaintiff faces significant risk of being unable to collect on a judgment even if Plaintiff prevails at trial, as defendant Hossain has expressed serious concerns about his ability to afford a substantial settlement or judgment in this matter and has produced income tax returns to demonstrate his financial status. Moreover, Plaintiff and Hossain engaged in extensive

negotiations and, through formal discovery, gathered and exchanged information relevant to the claims and defenses in this matter; they can therefore accurately assess the strengths and weaknesses of the asserted claims and their respective positions. *Cruz*, 2019 WL 4745284, at *5 (concluding that the parties appreciated the merits of the case because, *inter alia*, the parties engaged in informal discovery of relevant documents and various arm's-length negotiations). Although Plaintiff and defendant Hossain hold opposing views on the merit and value of Plaintiff's claims, the arm's length bargaining between such represented parties, along with the information shared uncovered through formal discovery, weigh in favor of finding the settlement reasonable.

2. <u>The Settlement Furthers the Implementation of the FLSA</u>

As further explained above, Plaintiff and defendant Hossain hold opposing views on the merit and value of Plaintiff's claims. However, given defendant Hossain's concerns about his ability to afford a substantial judgment, there is significant risk to Plaintiff that he will be unable to collect even if Plaintiff is able to prevail on all of his claims at trial. By reaching a settlement with defendant Hossain, Plaintiff avoids the risks of either receiving an unfavorable outcome in this matter or, if Plaintiff prevails in his claims, attempting to enforce a judgment. Furthermore, the agreement provides that Plaintiff will receive the entire settlement amount in one lump sum payment shortly after the Court's approval of the proposed settlement agreement, which is highly favorable to Plaintiff.

Lastly, the proposed settlement agreement between Plaintiff and Hossain is devoid of any provisions that would frustrate the implementation of the FLSA. Specifically, the proposed agreement does not contain a confidentiality provision, and Plaintiff's release of claims is limited to the claims asserted in in the instant action. *Cruz*, 2019 WL 4745284, at *7 (finding that the proposed agreement did not frustrate the purposes of the FLSA where the agreement did not contain a confidentiality provision and the release was limited to claims asserted in the lawsuit).

3. <u>Plaintiff's counsels' fees are reasonable</u>

Plaintiff and his counsel maintain that the proposed amount of attorneys' fees is also fair and reasonable. "[T]he percentage-of-recovery method has been accepted as an established approach to evaluating the award of attorneys' fees in the Third Circuit." *Brumley*, 2012 WL 1019337, at *9. Under the percentage-of-recovery method, fee awards ranging from 19 percent to 45 percent of the settlement fund have been deemed reasonable. *Id.* at *12; *see also, Davis*, 2015 WL 7761062, at *5. Under the proposed agreement between Plaintiff and Hossain, Plaintiff's counsel would recover $787.50[2] as reimbursement for costs and expenses, and $8,070.83 in fees. Under Plaintiff's contingency fee agreement, Plaintiff's counsel is entitled to recover out of Plaintiff's settlement amount fees totaling one-third of any amounts recovered on behalf of Plaintiff, as well as costs and expenses, which is reasonable. *Brumley,* 2012 WL 1019337, at *12 ("Counsel's request for one-third of the settlement fund falls within the range of reasonable allocations in the context of awards granted in other, similar cases").

---

[2] The costs and expenses are as follows: $400.00 for the filing fee; $377.00 for process server costs; and $10.50 for travel expenses.

Moreover, a lodestar crosscheck also supports Plaintiff's counsel's fee request. As indicated by Plaintiff's counsel's time records, attached hereto as **Exhibit 2**, Plaintiff's counsel has spent a total of 82.7 hours on this matter as follows: Kenneth Katz, .2 hours; Nicole Grunfeld, 8.6 hours; Katherine Morales, 64.4 hours; and Nicola Ciliotta, 9.5 hours.[3] Plaintiff's counsels' hourly rates - $425.00, $375.00, $275.00, and $275.00, respectively – are reasonable based on their experience and are in line with the rates charged by attorneys in this district. *Santiago v. Lucky Lodi Buffet Inc.*, 2016 WL 6138248, at *4 (D.N.J. Oct. 21, 2016) (approving an hourly rate of $450.00 per hour for a law firm partner and $375.00 per hour for an associate with approximately 4 years of employment law experience); *see also*, *Jian Zhang v. Chongqing Liuyishou Gourmet NJ Inc*, 2019 WL 6318341, at *4 (D.N.J. Nov. 26, 2019) (approving an hourly rate of $550.00 per hour for a law firm partner and $350.00 for a managing associate); *see also, Punter v. Jasmin Int'l Corp.,* 2014 WL 4854446, at *7 (D.N.J. Sept. 30, 2014) (approving an hourly rate of $300.00 per hour for an associate with "over two years of litigation experience and a substantial portion of his practice relates to representation of employment matters").

Mr. Katz is the sole member of Katz Melinger PLLC, a boutique firm with substantial experience representing plaintiffs in wage and hour matters. Mr. Katz earned his B.A. in 2000 from the State University of New York at Albany, and his J.D. in 2003 from Hofstra University School of Law, with an award recognizing his achievements in the employment law field. Mr. Katz was admitted to practice in the courts of New York in 2004 and New Jersey in 2016, and has focused his practice in litigation since 2003.

Ms. Grunfeld has been the senior associate at Katz Melinger PLLC for more than seven years. She earned her B.A. in 1998 from Yale University, and her J.D. in 2004 from New York University School of Law. Ms. Grunfeld was admitted to practice in the courts of New York in 2005 and New Jersey in 2018, and has focused on Plaintiff's employment matters for more than twelve years.

Ms. Morales earned her B.B.A. from Pace University in 2014 and her J.D. from Georgetown University Law Center in 2017, and was admitted to practice in New York in 2018 and New Jersey in 2020. Prior to joining the firm in 2017, Ms. Morales also worked on various employment law matters while maintaining part-time positions with private law firms, universities, and nonprofits.

Mr. Ciliotta earned his B.A. from Vanderbilt University in 2015 and his J.D. from Penn State Law School in 2018; he was admitted to practice in New York in 2019. Since joining Katz Melinger PLLC in 2018, Mr. Ciliotta has focused his practice on all aspects of employment litigation, with a particular focus on wage and hour cases.

The $8,070.83 fee sought by Plaintiff's counsel is significantly less than Plaintiff's counsel's "lodestar" amount of $23,632.50. Moreover, as Plaintiff voluntarily agreed, both at the time of settlement and at his initial engagement of counsel, to a one-third fee arrangement, Plaintiff's counsel's fees should be found reasonable. *Davis*, 2015 WL 7761062, at *5 (finding

---

[3] Plaintiff's time records reflect work done on the entire case to date, and is not limited to work done relating solely to defendant Hossain.

that a lodestar crosscheck supported counsel's fee request as the lodestar amount exceeded the fee sought by plaintiff under their agreement); *see also*, *Brumley*, 2012 WL 1019337, at *12.

Accordingly, Plaintiff and defendant Hossain respectfully request judicial approval of their proposed settlement agreement, and further request permission to submit a stipulation of discontinuance with prejudice consistent with the requirements of Fed. R. Civ. P. 41(1) (a) (ii) as to defendant Hossain.

Respectfully submitted,

| | |
|---|---|
| */s/ Nicole Grunfeld* | */s/* MD I Hossain |
| Nicole Grunfeld | MD I Hossain s/h/a Mohammed Hussein |
| Katz Melinger PLLC | 906 Mountain Avenue |
| 280 Madison Avenue, Suite 600 | Mountainside, New Jersey 07092 |
| New York, New York 10016 | 908-370-9955 |
| (212) 460-0047 | |
| ndgrunfeld@katzmelinger.com | |
| *Attorneys for Plaintiff* | |